### 63368. SHELTON v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for aggravated assault with a deadly weapon. *Held:*

1. Error is asserted because the trial court refused to give a requested instruction on misapprehension or mistake of fact, defendant's sole defense.

The evidence showed that defendant and a co-defendant got into an altercation with the victim. Someone said the victim had a gun. The victim in fact had a beer bottle in his hand which defendant testified he mistakenly believed was a gun. Defendant then struck the victim with a knife, cutting him in the shoulder.

We find no error. The defense raised by the evidence was that of justification or self-defense, on which the jury was charged.

"In [cits.] involving murder, the Supreme Court held that it was not error to refuse to charge the substance of Code Ann. § 26-705, supra (misapprehension of fact), wherein justifiable homicide was fully charged. We think the same rule would apply here involving the offense of aggravated assault (cutting with a knife) in which the trial court fully charged on the defense of justification, that is, the defendant's testimony raising the issue of whether the victim was armed and that he reasonably believed that his life was in danger and he was justified in using force 'to prevent death or great bodily harm

to himself, or the commission of a forcible felony.' The trial court did not err in failing to give the written request on misapprehension of fact based upon the defendant's timely written request for same." *Ellison v. State,* 158 Ga. App. 419 (1) (280 SE2d 371).

2. Defendant enumerates as error that his sentence was greater than authorized by law because in addition to 4 years to serve and six on probation he was sentenced to pay a fine of $2,000 and to make restitution of $122.75.

Although the authorized punishment for aggravated assault does not include a fine (Code Ann. § 26-1302 (Ga. L. 1968, pp. 1249, 1280; 1976, p. 543)), Code Ann. § 27-2529 (Ga. L. 1979, p. 848) authorizes a fine in any case in an amount up to $10,000 as a condition of probation.

Restitution is authorized by Code Ann. § 27-3001 et seq. (Ga. L. 1980, p. 1382 et seq.) as a condition of probation.

Contrary to defendant's argument that the fine and the restitution were imposed as part of the sentence and not as conditions of probation, the sentencing documents in the record specifically show that these punishments are special conditions of probation. Therefore, there is no merit in this enumeration.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1982.

*Robert E. Andrews,* for appellant.

*Rafe Banks III, District Attorney, Wallace W. Rogers, Assistant District Attorney,* for appellee.