## S91G1535. HARRIS v. THE STATE.
### (413 SE2d 439)

FLETCHER, Justice.

We granted the writ of certiorari to determine whether the trial court had authority to increase the amount of restitution that the defendant had to pay after he began serving his sentence. The Court of Appeals held that the increase in restitution was not an impermissible increase or enhancement of the defendant's punishment. *Harris v. State,* 200 Ga. App. 841, 844 (410 SE2d 123) (1991). We find that restitution ordered as part of a criminal sentence is punishment and reverse.

Kenneth DeWayne Harris pleaded guilty to a theft by taking and was sentenced to four years, with 60 days in prison and the remainder on probation. As a term of probation, Harris had to pay restitution in an amount to be determined at a later hearing. On August 2, 1990, Harris began serving his 60-day confinement period. On August 28, 1990, the restitution hearing was scheduled, but the victim failed to appear due to a miscommunication with the district attorney's office. The state and Harris stipulated to the amount of the victim's loss based on the police report and victim impact statement. The court ordered Harris to pay the victim $600 in restitution for personal property taken from the car that she had rented.

On September 28, 1990, the victim moved to modify the restitution order after the rental car company sued her for damages to the automobile. The state argued in favor of modification and later presented testimony from a representative of the rental car company on the amount of damages. On November 9, 1990, the trial court found that it had the right to modify the terms of probation and ordered Harris to pay an additional $2,296.30 in restitution to the rental car company. Harris appealed, and the Court of Appeals affirmed.

1. In upholding the restitution statute as constitutional, we have

referred to restitution as "a penalty to be determined by the court in a criminal case." See *Cannon v. State*, 246 Ga. 754 (272 SE2d 709) (1980). The punitive nature of restitution is illustrated by the consequences when a defendant with the ability to pay fails to comply with a restitution order which is a condition of probation. In that event, the sentencing judge may revoke probation and order imprisonment as an appropriate penalty for the offense. See *Bearden v. Georgia*, 461 U. S. 660, 668 (103 SC 2064, 76 LE2d 221) (1983); OCGA §§ 17-14-13 (c); 17-10-1 (a). Thus, as the dissenting judges below concluded, restitution "is inextricably linked to the punitive aspects of the offender's sentence." See *Harris*, 200 Ga. App. at 849 (Birdsong, J., dissenting).

Moreover, restitution is not synonymous with civil damages. *Morrison v. State*, 181 Ga. App. 440, 441 (352 SE2d 622) (1987); see OCGA § 17-14-11. The amount of the victim's damages is only one factor for a court to consider in determining the amount of restitution. The sentencing court must also consider the offender's present financial condition and future earning capacity, as well as the goal of rehabilitation to the offender. See OCGA § 17-14-10.

We reject the state's argument that restitution is a civil remedy for the victim, as the purpose of restitution is not solely to restore the crime victim to the financial status enjoyed before the crime was committed. Although OCGA § 17-14-1 states restitution is a primary concern of the criminal justice system, the state has other concerns of equal importance, including punishing and rehabilitating persons convicted of crimes and deterring others from criminal behavior. See *Bearden*, 461 U. S. at 671; OCGA §§ 17-14-5; 17-14-10.

> Viewed from the perspective of punishing a defendant, restitution is recognized as an effective rehabilitative penalty because it forces defendants to confront concretely — and take responsibility for — the harm they have inflicted, and it appears to offer a greater potential for deterrence.

*People v. Hall-Wilson*, 69 NY2d 154 (505 NE2d 584, 585, 513 NYS2d 73, 74) (1987). Accordingly, we hold that restitution is punishment when ordered as part of a criminal sentence. See *Shelton v. State*, 161 Ga. App. 524, 525 (289 SE2d 768) (1982).

2. We have held that the sentencing court may not increase a sentence once the defendant begins serving it without violating the prohibition against double jeopardy in both the Georgia and Federal constitutions. See *Hudson v. State*, 248 Ga. 397, 398 (283 SE2d 271) (1981); *England v. Newton*, 238 Ga. 534, 536 (233 SE2d 787) (1977); *Inman v. State*, 124 Ga. App. 190, 192 (183 SE2d 413) (1971). Since restitution is punishment when ordered as part of a criminal sentence, the trial court cannot increase the amount of restitution after

the defendant begins serving a sentence absent the defendant's consent.[1] See *State v. Bailey*, 701 SW2d 632, 633-634 (Tenn. Cr. App. 1985). Because Harris had begun serving his sentence when the trial court increased the restitution and he had not clearly assented to this reconsideration of the restitution amount, the trial court lacked authority to order an increase in Harris' punishment.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED FEBRUARY 13, 1992.

*John O. Ellis, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, J. George Guise, Assistant District Attorneys*, for appellee.

---

[1] This ruling does not prevent a trial court from deferring the initial decision on the amount of restitution until a later hearing, as occurred in this case.