## A92A0630. EVANS v. THE STATE.

(419 SE2d 532)

ANDREWS, Judge.

Evans pled guilty to an indictment for burglary charging that on July 6, 1991, "without authority and with intent to commit a theft therein, [he] did enter and remain in the building of Arrow Truck Sales, located at 3223 Moreland Ave." After a hearing, the trial court ordered that he pay Arrow restitution in the amount of $2,350 for unrecovered merchandise stolen and for damage to the premises. Evans appeals, claiming the evidence was insufficient to prove that he stole the unrecovered merchandise.

The parties stipulate that the following evidence was presented to the trial court at the restitution hearing. On July 6, 1991, Evans was arrested along with a co-defendant in a truck driving from Arrow's place of business. Six truck wheels and tires valued at $1,250 stolen from Arrow were found in the truck. These were the only stolen items found in the defendant's possession. Arrow's business was locked at 2:00 p.m. on July 6. When the business was opened the following morning of July 7 after police called and reported the burglary, the six items found in the defendant's possession were missing, and additional merchandise had been taken valued at $2,225. Only the merchandise in the defendant's possession was recovered. The victim stated that the stolen items were so large that it would have required multiple trips by the defendant to take them. A fence surrounding the premises was also discovered to have been cut and damaged in the amount of $125. At the restitution hearing, Evans contended that he stole only the six items found in his possession, and that he should be responsible only for the $125 damage to the fence. The trial court ordered restitution for the unrecovered merchandise found missing on the morning after the burglary ($2,225), plus the damage to the fence ($125) for a total of $2,350.

As a condition of any relief ordered by the court, an adult offender may be ordered to pay restitution for the amount of damages which the victim could have recovered against the offender in a civil action based on the same act or acts for which the defendant is sentenced. OCGA §§ 17-14-3; 17-14-2 (2) (excluding punitive damages, and damages for pain and suffering, mental anguish, and loss of consortium); *Hodges v. State*, 201 Ga. App. 729 (411 SE2d 775) (1991). "[T]he sufficiency of evidence to support an order of restitution should be measured by the civil standard of preponderance of the evidence." *Lawrenz v. State*, 194 Ga. App. 724, 725 (391 SE2d 703) (1990); *Garrett v. State*, 175 Ga. App. 400, 401-404 (333 SE2d 432) (1985). Arrow would be entitled to seek recovery in a civil action against one who burglarized its premises for damages to the premises and the value of the unrecovered items stolen in the burglary. *Bot-*

*toms v. State,* 194 Ga. App. 862, 863 (392 SE2d 59) (1990). The evidence presented at the restitution hearing was sufficient under the preponderance of the evidence standard for the trial court to conclude that Evans stole the unrecovered items in the burglary, and should be responsible for their restitution.

*Judgment affirmed. Birdsong, P. J., and Beasley, J, concur.*

DECIDED JUNE 4, 1992.

*Claudia S. Saari,* for appellant.

*Robert E. Wilson,* District Attorney, *Nancy B. Allstrom, J. George Guise,* Assistant District Attorneys, for appellee.