A94A1119. DYKES et al. v. THE STATE.
(448 SE2d 463)

BEASLEY, Presiding Judge.

In March 1991, appellants Dykes and Patterson pled guilty to an indictment charging them with burglary of a dwelling. They were each given a four-year sentence under the First Offender Act, to serve five days in jail with the remainder on probation. Patterson was ordered to report to jail approximately two weeks after sentencing and Dykes was ordered to report to jail approximately two weeks later. A condition of their probation was to pay restitution to the victim, in an amount to be determined at a hearing.

In November 1991, the court vacated the sentences for violations of the terms of probation and appellants were adjudicated guilty. They were each sentenced to four years' probation, with a condition of restitution to be determined later.

In August 1992, the court found that each appellant again had violated the terms of his probation, and each was ordered to complete intensive probation and 300 hours of community service. Patterson's probation was revoked the following May after he tested positive for cocaine, and he was relegated to a diversion center. Dykes' intensive probation was terminated in June, and he was transferred to regular probation.

A few months later, the court entered an order prompted by the State without a hearing or notice to either appellant, stating that no restitution was being ordered in the case against them because attempts to contact the victim had proven unsuccessful, the home telephone number listed on the police reports had been disconnected, and

the victim did not work at the place of employment listed on the report.

Then in November, the court required appellants to appear at a restitution hearing. At the hearing, the prosecuting attorney stated that although the attempts to telephone the victim had been unsuccessful because the numbers they had were no longer valid, the victim in fact had been contacting the district attorney's office during the same time and was seeking restitution, unbeknownst to the attorney handling the case. The prosecuting attorney stated that, since the victim's right to restitution had been erroneously foreclosed through the actions of the district attorney's office, the State had sought the restitution hearing, at which the victim was present and ready to testify. Defense counsel objected, stating that the order eliminating restitution, entered at a prior term of court, could not be modified. The court observed that the case was not closed since appellants were on probation. After the prosecuting attorney noted that restitution was a condition of probation, the court agreed to set aside the previous order and hear evidence.

Following the hearing, the court ordered restitution in the amount of $8,500 against appellants jointly and severally. Each of them was required to pay $400 monthly, although Patterson was not required to begin making payments until after being released from custody. Appellants moved to set aside the restitution order, citing *Harris v. State*, 261 Ga. 859 (413 SE2d 439) (1992), and appeal from the denial of the motion.

In *Harris*, the victim failed to appear at the restitution hearing due to a miscommunication with the district attorney's office. The trial court ordered restitution based on a stipulation between the State and Harris as to the amount of the victim's loss based on personal property taken from a car she had rented. The victim moved to modify the restitution order so as to increase the amount of restitution after the rental car company sued her for damages to the automobile. The court granted the modification. See OCGA §§ 17-14-12; 17-14-2 (6).

The Supreme Court reversed, holding that since restitution is punishment when ordered as part of a criminal sentence, the trial court cannot increase the amount of restitution after the defendant begins serving a sentence, absent the defendant's consent (although the court may defer the initial decision on the amount of restitution until a later hearing). The Court reasoned that an increase in the amount of restitution would constitute an increase in the sentence. As noted in *Harris*, the sentencing court cannot increase the sentence once the defendant begins serving it without violating the state and federal constitutional prohibitions against double jeopardy.

This case and *Harris* are distinguishable. In this case, the trial

court entered an ex parte order as a result of which no restitution hearing was held. The order was entered because of misinformation mistakenly provided to the court by the district attorney's office as to the then existing facts. When it was brought to the court's attention that the information it had been provided was erroneous, it vacated the order, conducted a restitution hearing, and set the amount of restitution. There was no increase in the punishment but rather reinstatement of that part of the sentence which had been erroneously deleted due to the mistaken belief that it could not be affected. In *Harris*, double jeopardy prevented the trial court from increasing the amount of restitution after it had been set and thereby imposing more onerous punishment than originally set. The prohibition against double jeopardy did not prevent the court in this case from conducting the anticipated, required restitution hearing and setting an amount of restitution in the first instance after vacating the order it had erroneously entered. The evidence supports the trial court's determination of appellants' ability to pay the amount ordered.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 12, 1994 —
RECONSIDERATION DENIED SEPTEMBER 7, 1994 —

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellants.

*J. Tom Morgan, District Attorney, Elisabeth G. Macnamara, Robert E. Statham III, Assistant District Attorneys*, for appellee.