## A94A1427. McKERLEY v. THE STATE.
(448 SE2d 85)

BIRDSONG, Presiding Judge.

William McKerley appeals an order to pay restitution. He contends the restitution awarded violates the prohibition against double jeopardy. McKerley further contends the trial court erred both by ordering restitution based upon speculation and hearsay and by failing to consider his ability to pay.

The record shows that McKerley pleaded guilty to criminal damage in the first degree by fire in that he burned down a trailer. The prosecution originally estimated, based on the reports of the arson investigation, that the damages were $11,000; the evidence introduced at a later restitution hearing showed that as a result of his actions the victims lost everything they possessed from family photographs to the appliances in the trailer.

During the hearing on McKerley's plea, the assistant district attorney advised McKerley that, "I'm going to recommend to the Judge that he impose a condition of restitution, but you have asked if you could have a restitution hearing, if you request it, later on down the road, and we have agreed to that, so I've included a provision that you may have a restitution hearing, if it's requested." Later in the hearing, the trial court stated: "And you will have to pay applicable restitution, although the amount is as yet to be specifically determined; and if you're in disagreement with it when it is, you can have a hearing on it." McKerley's sentence, however, included a provision that he would pay restitution in an estimated amount of $11,000 and a further provision that McKerley could have a restitution hearing if he requested. After he so requested, a full hearing was conducted during which the victims testified and were cross-examined about the damages they suffered. By the time of the hearing, McKerley had paid approximately $1,400 of the restitution ordered. Subsequently, the trial court ordered that $22,500 in restitution be paid and established a payment schedule. McKerley now contests that order. *Held*:

1. In *Harris v. State*, 261 Ga. 859, 860-861 (413 SE2d 439), our Supreme Court held that restitution is punishment when ordered as part of a criminal sentence. Consequently, the Supreme Court also held that "the trial court cannot increase the amount of restitution after the defendant begins serving a sentence absent the defendant's consent." Id.

Except for the fact that in this appeal McKerley requested the hearing to challenge the amount of restitution to be paid, the facts closely track those in *Harris*. In *Harris*, based on a stipulation between parties, the trial court initially set restitution at $600 and on the request of the victim, the restitution was increased to $2,296. The Supreme Court in *Harris* held that this was an impermissible increase

in punishment. Id.

In this appeal, based upon the State's estimate, the trial court set restitution at $11,000 with the proviso that, if he wished, McKerley could request a hearing to contest that amount. Absent a request from McKerley, however, the trial court's sentence was that Mc-Kerley would pay $11,000 as restitution. Even though the $11,000 was expressed as an estimate, McKerley was ordered to pay that amount and according to the transcript had paid $1,400 by the date of the hearing. Under these facts it cannot be said that the trial court had not fixed a definite amount of restitution or that the subsequent hearing was for the purpose of determining the amount of restitution. This was not a case in which the trial court deferred the amount of restitution to be imposed subject to a later hearing. See *Harris* at 861, n. 1. Further, even if the effect of this sentence had been in doubt, as to this matter, " ' "(i)f there is any doubt as to the effect of a criminal sentence the defendant will be given the benefit of such doubt." ' " *Grant v. State*, 195 Ga. App. 463, 464 (2) (393 SE2d 737).

Accordingly, once the trial court established the amount of restitution and McKerley began serving his sentence, the amount of restitution could not be increased. Id. Further, although McKerley requested the hearing to challenge the amount of restitution imposed, McKerley did not assent to reconsideration for purposes of circumventing the due process safeguards of *Harris*, supra. Indeed, the procedures originally used to set the restitution amount were deficient in that the trial court failed to conduct a hearing and enter specific written findings. See *Bridges v. State*, 208 Ga. App. 555, 556 (431 SE2d 164). Since a hearing was conducted later and written findings entered, a remand for those purposes is not required in this case. Nevertheless, the order of the trial court increasing the amount of restitution must be reversed and the case remanded so that the trial court may impose no more than $11,000 in restitution. Although this amount is less than the damages the victims may have suffered, the amount of the victims' damages is but one of the factors to be considered in determining the amount of restitution. *Harris*, supra at 860. Moreover, the victims are not deprived of existing civil remedies by accepting restitution in a criminal case.

We caution again, if the information necessary to determine an appropriate amount for restitution is not available, the proper procedure is to indicate that restitution will be awarded and defer the hearing on restitution until that information is available, as expressly provided in *Harris*, supra at 861, n. 1.

2. In view of our disposition in Division 1, McKerley's other enumerations of error are moot.

*Judgment reversed and case remanded. Blackburn and Ruffin, JJ., concur.*

DECIDED AUGUST 26, 1994.

Jill L. Anderson, Elizabeth A. Geoffroy, for appellant.
David McDade, District Attorney, Lois W. Gerstenberger, Assistant District Attorney, for appellee.