A98A1469. CROZIER v. THE STATE.
(506 SE2d 139)

JOHNSON, Presiding Judge.

David Crozier pled guilty to one count of aggravated assault. During an evidentiary hearing on restitution, the trial court found that Crozier's actions were the proximate cause of injuries suffered by the victim and ordered Crozier to pay $21,162 in restitution.[1] Crozier appeals the amount of restitution ordered. For reasons which follow, we affirm.

The undisputed evidence shows that Crozier struck the victim once in the head with a piece of wood. The evidence further shows that immediately after the blow the victim lost his sight momentarily and suffered headaches. The headaches continued to be severe. The victim sought medical treatment and was referred to a neurologist. The neurologist diagnosed the victim as having a subdural hematoma and performed surgery to relieve the pressure on the brain. The victim testified that prior to the altercation with Crozier he had no headaches and that the cause of the pain in his head was Crozier's blow.

The victim's medical bills totaled $21,162. The bills were admitted into evidence without objection. The victim filed Chapter 13 Bankruptcy and made payments on the bills until it was converted to a Chapter 7 action and he was discharged from paying the bills.

1. In his first enumeration of error, Crozier contends the trial court erred in finding the state carried its burden of showing that the blow administered by him caused the victim's injuries. We disagree.

The sufficiency of evidence to support an order of restitution is measured by the preponderance of the evidence. *Evans v. State*, 204 Ga. App. 458 (419 SE2d 532) (1992); *Lawrenz v. State*, 194 Ga. App. 724, 725 (1) (391 SE2d 703) (1990). The evidence presented at the restitution hearing showed that Crozier struck the victim over the head with a piece of wood and that the victim began experiencing pain, including headaches, immediately after being struck with the wood. While Crozier presented testimony that the victim had been involved in a fist fight approximately two weeks prior to Crozier's assault, the victim testified that he did not experience headaches or pain until immediately following Crozier's blow to his head. Moreover, while the neurologist testified that the victim's injury could have been caused by blows from the earlier fist fight, he further indicated that the findings from the CT scan were consistent with a blow

---

[1] While the trial court's order does not actually specify to whom the restitution payments shall be made, at the restitution hearing, the trial court ordered Crozier to make his restitution payments directly to the doctors who provided medical services to the victim. Crozier has not enumerated as error any complaint regarding this ruling by the trial court.

to the head with a piece of wood.

"Preponderance of evidence" is defined as "that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." OCGA § 24-1-1 (5). The evidence presented at the restitution hearing was sufficient under the preponderance of the evidence standard for the trial court to conclude that Crozier's blow caused the victim's injury.

2. In two enumerations, Crozier maintains that the amount of restitution ordered by the trial court was improper since some of the amount had been discharged in bankruptcy. We disagree.

Crozier correctly notes that the maximum amount of restitution recoverable in a criminal action is that which would have been recoverable in a civil action. OCGA § 17-14-9; *Lawrenz,* supra. It is clear that the victim would be able to recover the amount of all medical treatment related to Crozier's assault and/or that the medical service providers would be able to recover for the expenses incurred in treating the victim for the injury related to Crozier's assault.[2] It is further undisputed that the victim's medical expenses resulting from the blow to his head totaled $21,162.

Crozier has cited no case and we can locate no case holding that a defendant is released from paying restitution if the victim declares bankruptcy. In fact, the Supreme Court of Georgia has referred to restitution as "a penalty to be determined by the court in a criminal case." *Cannon v. State,* 246 Ga. 754, 755 (2) (272 SE2d 709) (1980). It has further characterized restitution as "punishment when ordered as part of a criminal sentence." *Harris v. State,* 261 Ga. 859, 860 (1) (413 SE2d 439) (1992). According to the Court in *Harris,* "restitution is not synonymous with civil damages. . . . The amount of the victim's damages is only one factor for a court to consider in determining the amount of restitution. The sentencing court must also consider the offender's present financial condition and future earning capacity, as well as the goal of rehabilitation to the offender. See OCGA § 17-14-10." Id. We therefore hold that an offender is not absolved from paying for damages caused by his actions merely

---

[2] OCGA § 17-14-2 (9) defines "victim" as "any natural person or his personal representative or any firm, partnership, association, public or private corporation, or governmental entity suffering damages caused by an offender's unlawful act." We note, however, that OCGA § 17-14-17 (a) (2), effective July 1, 1998 but not applicable to convictions entered before that date, has changed the definition of "victim" for purposes of "restitution equal to the unreimbursed or uncompensated portion of victim's damages" to "any natural person against whom a crime specified in Chapter 7 or 8 of Title 16 has been committed." Thus, medical service providers may no longer be considered victims and be able to collect for medical services provided to a victim of a crime.

because the victim filed bankruptcy. In many circumstances, the offender is responsible for the victim's need to file bankruptcy.

Moreover, in the present case, even assuming that Crozier could not be ordered to pay restitution to the victim after he filed bankruptcy, the trial court ordered Crozier to pay restitution "to the parties that suffered losses in this, not to Mr., to the victim in this matter, but to the people that provided these services to the victim." Thus, the fact that the victim filed bankruptcy is irrelevant. The record shows that in determining the nature and amount of restitution due, the trial court considered the evidence before it and acted in compliance with OCGA §§ 17-14-2; 17-14-8 (b); 17-14-9; and 17-14-10. We find no error in the trial court's determination of the amount of restitution due and in the trial court's order that the amount be paid directly to the medical service providers.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1998.

*Straughan & Straughan, Mark W. Straughan, Laurel B. Straughan, for appellant.*

*Stephen D. Kelley, District Attorney, Jan Kennedy, Assistant District Attorney, for appellee.*