## A98A1847. ZEBLEY v. THE STATE.
### (505 SE2d 562)

ELDRIDGE, Judge.

Deserae Dawn Zebley appeals from a Lowndes County trial court's order of restitution.

Zebley was charged with one count of robbery and one count of aggravated assault. She entered a non-negotiated plea of guilty to both counts. The trial court sentenced Zebley to ten years, serve two, balance probated. As conditions of probation, the court ordered Zebley to pay a $20 probation supervision fee; a $1,000 fine; reimbursement for county-paid attorney fees; and restitution to "Emily Spikes in the amount of $500.00, to Progressive Insurance Company in an amount to be determined, to Angela Miller in the amount of $4,492.00, and to Scott Avery in the amount of $1,247.25, to be paid jointly and severally with co-defendant[.]" The record does not show that the trial court considered the factors outlined in OCGA § 17-14-10 when ordering restitution. *Held*:

1. Zebley contends that the trial court erred by (a) failing to consider the factors enumerated in OCGA § 17-14-10 prior to ordering restitution and (b) failing to make specific written findings of fact with regard to the factors enumerated in OCGA § 17-14-10.

(a) As part of the Restitution Act, Ga. L. 1980, p. 1382, OCGA § 17-14-10 states that "[i]n determining the nature and amount of restitution, the ordering authority shall consider: (1) The present

financial condition of the offender and his dependents; (2) The probable future earning capacity of the offender and his dependents; (3) The amount of damages; (4) The goal of restitution to the victim and the goal of rehabilitation of the offender; (5) Any restitution previously made; (6) The period of time during which the restitution order will be in effect; and (7) Other appropriate factors which the ordering authority deems to be appropriate."

This Court has determined that the provisions of OCGA § 17-14-10 should be considered in cases where restitution has been imposed pursuant to the entry of a *non-negotiated* guilty plea. *Fonseca v. State*, 212 Ga. App. 463 (441 SE2d 912) (1994). This is such a case, and there is no evidence in the record of such consideration. Accordingly, we reverse that portion of Zebley's sentence regarding payment of restitution and remand.[1]

(b) Upon remand and prior to ordering restitution, the record should reflect the trial court's consideration of the factors enumerated in OCGA § 17-14-10. See *Cardwell v. State*, 225 Ga. App. 337 (484 SE2d 38) (1997). See also OCGA § 17-14-8 (b).

2. Appellant also raises a double jeopardy challenge to the imposition of restitution to Progressive Insurance Company. Zebley argues that since the trial court initially ordered restitution thereto "in an amount to be determined," the subsequent naming of a definite dollar amount to be paid to Progressive Insurance would be an "increase in punishment" to which she did not agree, as proscribed by the Supreme Court of Georgia in *Harris v. State*, 261 Ga. 859 (413 SE2d 439) (1992). This contention is meritless. A trial court may "defer[ ] the initial decision on the amount of restitution until a later hearing[.]" Id. at 861, n. 1; see also *McKerley v. State*, 214 Ga. App. 529, 530 (448 SE2d 85) (1994). The Supreme Court's decision in *Harris v. State* addressed a situation in which a specific dollar amount of restitution was ordered and then increased after service of sentence had begun. That is not the case herein.

*Order of restitution vacated and case remanded for disposition not inconsistent with this opinion. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 18, 1998.

*Loyce W. Turner, Jr.*, for appellant.

---

[1] We note that Zebley's sentence of restitution, alone, is affected by this decision; incarceration, probation, fines, probation fees, and reimbursement for attorney fees are not affected hereby.

*J. David Miller, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.