## A01A0247. PRIEBE v. THE STATE.
(553 SE2d 5)

BLACKBURN, Chief Judge.

Following a jury trial, Bradley Ernest Priebe appeals his conviction for driving under the influence of alcohol, contending that the trial court erred by denying his motion in limine. Priebe also contends that the trial court impermissibly rushed the jury into rendering a verdict. For the reasons set forth below, we reverse.

On January 2, 1999, police officers observed Priebe's vehicle passing by a police roadblock, despite their motioning and yelling for the vehicle to stop. An officer followed the vehicle into a parking lot and confronted Priebe. The officer administered several field sobriety tests and thereafter arrested Priebe for driving under the influence of alcohol and disobeying an officer. The stop was videotaped by a camera in the officer's vehicle.

Before the trial began, Priebe and the State agreed to redact the portion of the videotape that showed the results of Priebe's·alco-sensor test. Priebe made an oral motion in limine to also redact a portion of the videotape in which a passenger in Priebe's vehicle stated that he had been drinking, but not as much as Priebe, along with the portion showing that the passenger blew a 0.07 on the alco-sensor.

1. Priebe contends that the trial court erred by denying his motion in limine to redact portions of the videotape regarding Priebe's passenger. We agree.

The videotape itself was not shown to the judge during the hearing on the motion. But, both defense counsel and the prosecutor agreed that the contested portion of the tape showed the police in a conversation with the passenger about whether he was sober enough himself to drive Priebe's car away from the scene of the arrest. Both parties further agreed that the officer asked the passenger if he had been drinking and that the passenger replied that he had, but not as much as Priebe. The officer then gave the passenger an alco-sensor test, and the tape shows that the alco-sensor recorded a 0.07 blood

alcohol level. These facts were not in dispute, and the trial judge considered the motion without viewing the tape. At trial, before the relevant portion of the tape was played for the jury, defense counsel renewed his objection. Although the tape was played for the jury, the State did not admit it into evidence, and it is not a part of the record.

Based on these facts, Priebe properly objected to the contested portion of the videotape, and we are able to review this enumeration of error without having a copy of it. Priebe actually objected more than necessary under the circumstances. There is no requirement that a party object at trial in order to preserve for appeal the denial of a motion in limine. *Harley-Davidson Motor Co. v. Daniel.*[1]

Second, the parties agreed on the contents of the disputed portion of the videotape, and those contents are not in issue; the only issue is whether the disputed portion of the tape should have been admitted. Accordingly, we may address the issue of whether those portions of the tape should have been admitted even though we do not have the tape itself. OCGA § 5-6-41 (f) supports this conclusion. It allows parties to stipulate to events at trial where the transcript or record does not truly or fully disclose what transpired at trial. Also, both this Court and the Supreme Court typically take parties at their word, if they agree, on the contents of documents and pleadings, where the actual contents are not in issue. See, e.g., *Williams v. Williams*;[2] *Plantation Pipeline Co. v. Royal Indem. Co.*;[3] *Evans v. State.*[4]

Priebe's objection to the disputed portion of the tape is, essentially, that the passenger's alco-sensor result, along with his statement that Priebe had had more to drink, amounted to evidence of an alco-sensor test result for Priebe. And because alco-sensor results are inadmissible, so should be this evidence. See *Channell v. State*[5] (alco-sensor results inadmissible without proper foundation where results used to indicate blood alcohol level). Priebe did not make a hearsay objection, and the passenger was not a witness at trial.

The statement by the passenger on the tape was clearly hearsay. The truth of his statement depended on his veracity and competency, and he was not available for cross-examination at trial. See OCGA § 24-3-1; *Faircloth v. State*[6] (because the reliability of a hearsay statement depends on the veracity of the declarant, the inability to cross-examine an unavailable declarant at trial renders the statement inadmissible). And hearsay evidence has no probative value even

[1] *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285-286 (1) (260 SE2d 20) (1979).

[2] *Williams v. Williams*, 268 Ga. 126, 127, n. 1 (485 SE2d 772) (1997).

[3] *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 29, n. 3 (537 SE2d 165) (2000).

[4] *Evans v. State*, 204 Ga. App. 458 (419 SE2d 532) (1992).

[5] *Channell v. State*, 172 Ga. App. 156 (322 SE2d 356) (1984).

[6] *Faircloth v. State*, 253 Ga. 67, 69 (3) (316 SE2d 457) (1984).

when admitted without objection. *Germany v. State.*[7] Further, no proper foundation had been laid as required by *Channell* for any alco-sensor results, and therefore, this evidence in addition to the hearsay was inadmissible.

Nor was the statement part of the res gestae as argued by the State. Statements made after the end of the events to which they pertain are not part of the res gestae. OCGA § 24-3-3. As explained by this Court,

> What the law altogether distrusts is not after-speech but afterthought. In cases when a statement is narrative rather than exclamatory, the circumstances must be closely scrutinized, because narrative is generally the result of afterthought. If the declarations appear to spring out of the transaction — if they elucidate it — if they are voluntary and spontaneous, and if they are made *at a time so near to it,* as reasonably to preclude the idea of deliberate design, then they are to be regarded as contemporaneous. However, no precise time can be fixed a priori when the res gestae ends, but each case must turn on its own circumstances, the inquiry being rather into events than to the precise time which has elapsed.

(Citations and punctuation omitted; emphasis in original.) *Brantley v. State.*[8]

In this case the passenger could easily be guilty of afterthought when he made the statement that he had not had as much to drink as Priebe. He had just seen his friend arrested, and the police were asking him about his own drinking in connection with his desire to drive the car away from the scene. Any other response would not achieve the goal.

If inadmissible hearsay is introduced, the decision below must be reversed unless it is highly probable that the error did not contribute to the jury's verdict. *Blackstock v. State.*[9] The passenger's statement combined with his alco-sensor results directly implies that Priebe had consumed a quantity of alcohol approaching or exceeding the legal limit. See OCGA § 40-6-391 (a) (5). Therefore we cannot say that the passenger's statement and alco-sensor results did not contribute to the verdict.

2. Because of our holding in Division 1, Priebe's remaining enumeration of error is moot.

---

[7] *Germany v. State,* 235 Ga. 836, 840 (221 SE2d 817) (1976).
[8] *Brantley v. State,* 177 Ga. App. 13, 14-15 (2) (338 SE2d 694) (1985).
[9] *Blackstock v. State,* 270 Ga. 117, 118 (3) (506 SE2d 130) (1998).

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 25, 2001.

J. Guy Sharpe, Jr., for appellant.

Carmen D. Smith, Solicitor-General, Richard N. Elliott, Sr., Jody L. Peskin, Assistant Solicitors-General, for appellee.