A02A0748. THE LIMITED, INC. et al. v. LEARNING
CHILDBIRTH CENTER, INC.
(566 SE2d 411)

MIKELL, Judge.

The Limited, Inc., Bath & Body Works, Inc., and Express, LLC appeal the order of the trial court modifying a previously entered restitution order.[1] The trial court required the Limited to pay a portion of the restitution proceeds it received as the victim of a criminal act to Learning Childbirth Center, Inc. ("LCC"), another victim of the same crime. On appeal, the Limited argues that the order is without any basis in law and violates public policy, that LCC's recovery was barred under the equitable doctrine of laches, and that the court erred in awarding attorney fees to LCC. For reasons explained below, we reverse the trial court's order.

It is undisputed that Lara Hensley set a fire at the Bath & Body Works retail store located at Southlake Mall in Morrow on October 3,

---

[1] The Limited is the parent company of Bath & Body Works and Express. Accordingly, the three parties may be collectively referred to as "the Limited."

1999. Hensley, who was employed by Bath & Body Works, entered the store after hours, took $2,900 from the cash registers of Bath & Body Works and Express,[2] and started the fire, which resulted in significant damage to both stores. LCC was located next door to Express and also sustained smoke and water damage as a result of the fire.

On June 14, 2000, Hensley pled guilty to second degree arson and theft by taking. She was sentenced under the First Offender Act and was required to pay restitution to the Limited in the amount of $140,000. Prior to Hensley's sentencing, counsel for the Limited spoke with Hensley's counsel and the prosecution regarding restitution. The Limited agreed that if Hensley paid partial restitution, it would ask the state to recommend that she not be incarcerated. As part of the negotiation, the Limited was required to establish damages of at least $140,000. At the time of the restitution hearing, the Limited's known loss was actually $450,000.

There is evidence that LCC was aware of the criminal investigation of Hensley. LCC's two owners admitted that they knew of the investigation because a Limited representative informed them of it on November 5, 1999, and from the media coverage of the fire. LCC did not participate in the criminal proceedings. Instead, LCC filed a civil action against the Limited in Fulton County State Court on August 3, 2000, alleging claims of negligent hiring, retention, supervision, and entrustment. After filing the civil suit and after Hensley paid the $140,000 restitution to the Limited, LCC filed a motion in Hensley's criminal case to modify the restitution order. Following an evidentiary hearing, the trial judge who sentenced Hensley entered an order requiring the Limited to pay LCC $22,372, including $6,000 in attorney fees, out of the restitution payment the Limited had received from Hensley months earlier. It is from this order that the Limited appeals.

1. As a preliminary matter, we must address LCC's argument that the Limited's appeal is not properly before this Court. LCC contends that the order of the trial court modifying its previous restitution order is not a final judgment under OCGA § 5-6-34 (a) (1), and, therefore, the Limited was required to apply for a discretionary appeal. We disagree. "[E]ven though an order does not specify that it is a grant of final judgment, it nevertheless constitutes a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits, and leaves the parties with no further recourse in the trial court." (Citations and punctuation omitted.) *Vurgess v. State of Ga.*, 187 Ga. App. 700 (1) (371 SE2d 191) (1988). See also *R. J. Reyn-*

---

[2] The two retail stores were physically connected to each other.

*olds Tobacco Co. v. Fischer*, 207 Ga. App. 292, 293 (1) (427 SE2d 810) (1993). In the case sub judice, the trial court's order satisfied all three of these requirements.

LCC's argument that the order would not become final until 2010 upon the expiration of Hensley's ten-year probated sentence is without merit. The law does not require that corresponding prison terms or probated sentences expire before restitution orders may be appealed. See *Williams v. State*, 247 Ga. App. 783 (545 SE2d 343) (2001). Furthermore, the modification order at issue had no impact on Hensley. In fact, she paid the restitution months before LCC filed the motion to modify the order of restitution, and she could not have been ordered to pay additional restitution. *Harris v. State*, 261 Ga. 859, 860-861 (2) (413 SE2d 439) (1992). Accordingly, we conclude that the court's order was a final judgment, and this case is properly before us pursuant to OCGA § 5-6-34 (a) (1).

2. In its first enumerated error, the Limited argues that the trial court's decision to take a portion of the restitution paid to one victim to give it to another is without any basis in law and violated public policy. We agree.

First, LCC has failed to cite any case law or statutory provision authorizing a trial court to revise a victim's restitution payment in order to pay another victim, and our research reveals none. OCGA § 17-14-3 authorizes a trial court to order an offender to make restitution as a condition of relief ordered by the court. There are seven factors for a court to consider in determining the nature and amount of restitution:

> (1) The present financial condition of the offender and his dependents; (2) The probable future earning capacity of the offender and his dependents; (3) The amount of damages; (4) The goal of restitution to the victim and the goal of rehabilitation of the offender; (5) Any restitution previously made; (6) The period of time during which the restitution order will be in effect; and (7) Other appropriate factors which the ordering authority deems to be appropriate.

OCGA § 17-14-10; *Jones v. State*, 246 Ga. App. 857, 859 (2) (542 SE2d 584) (2000). A court retains jurisdiction to modify a restitution order "at any time before the expiration of the relief ordered." OCGA § 17-14-12. "Relief" is defined in OCGA § 17-14-2 (6) as "any . . . probated sentence." Therefore, according to the statute, the trial court retained jurisdiction to modify its restitution order until Hensley's ten-year probated sentence expired. But the trial court's authority to modify the order is not unlimited.

In *Harris*, supra, 261 Ga. at 860-861 (2), the Supreme Court held that a trial court could not modify a restitution order to increase the amount of restitution after the defendant had begun serving his sentence. In that case, the defendant pleaded guilty to theft by taking in connection with the theft of a rental car. As a term of probation, he was ordered to pay the victim $600 in restitution. The victim subsequently moved to modify the restitution order after the rental car company sued her for damages to the car. The trial court ordered the defendant to pay an additional $2,296.30 in restitution to the rental car company. Id. at 859. This Court affirmed the modification, but the Supreme Court reversed that decision. Id. at 861. Therefore, the court in the case sub judice could not have ordered Hensley to pay additional restitution to LCC. The issue is whether the trial court was authorized to take restitution that had been paid to one victim and give it to another victim who did not participate in the restitution hearing.

Public policy concerns weigh against giving the court such authority. As we noted above, *Harris*, supra, 261 Ga. at 861, reversed a decision of this Court in which we held that a trial court could modify its restitution order by increasing the amount of restitution a defendant had to pay after he had begun serving his sentence. *Harris v. State*, 200 Ga. App. 841 (410 SE2d 123) (1991). Presiding Judge Birdsong dissented to the opinion of this Court. He wisely cautioned that "victims[ ] who belatedly learn of this procedural vehicle of open-ended restitution will be applying in substantial numbers to the trial courts to reopen restitution hearings in cases long ago adjudicated to award them reimbursement for their 'damages.'" Id. at 845 (Birdsong, P. J., dissenting). Judge Birdsong's reasoning is instructive in the case sub judice. If trial courts are authorized to force victims who have received restitution payments to reimburse other victims, it is foreseeable that more victims will seek similar modification in cases that have already been adjudicated. Victims who have received restitution deserve a degree of finality.

Furthermore, the fact that LCC was damaged does not automatically entitle it to restitution. The Supreme Court recognized in *Harris*, supra, 261 Ga. at 860, that "restitution is not synonymous with civil damages. . . . We reject the . . . argument that restitution is a civil remedy for the victim, as the purpose of restitution is not solely to restore the crime victim to the financial status enjoyed before the crime was committed." See also *Morrison v. State*, 181 Ga. App. 440, 441 (352 SE2d 622) (1987). LCC could file a civil action against Hensley to recover for the damage to its store, as such an action would not be barred by the restitution order. *Jones*, supra at 861; OCGA § 17-14-11. In fact, as we noted above, LCC did file a separate civil action alleging claims of negligent hiring, supervision, retention, and

entrustment against the Limited based on its employment of Hensley. Our reversal of the modification of the restitution order in Hensley's criminal action has no bearing on that separate civil action.

Accordingly, we conclude that the trial court's modification of its restitution order had no basis in law and violated public policy concerns. Because the trial court exceeded its authority, the modification order must be reversed.

3. Based on our decision in Division 2, we need not reach the Limited's remaining enumerated errors.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JUNE 7, 2002.

*Thomas & Kane, Stephen R. Kane*, for appellants.

*Ellis, Funk, Goldberg, Labovitz & Dokson, Robert N. Dokson, Power & Futch, Warren R. Power, LeAnne P. Cooper, Rebekah E. Meier*, for appellee.

