A10A0258. WRIGHT v. THE STATE.
(690 SE2d 259)

BLACKBURN, Presiding Judge.

In 1995, Marvin Jack Wright pled guilty to a single count each of burglary, aggravated assault, false imprisonment, rape, aggravated sodomy, kidnapping, obstruction of a law enforcement officer, criminal damage to property in the first degree, and possession of a firearm during the commission of a felony, and was convicted of the same. The trial court sentenced him to 50 years imprisonment, with

---

[28] *Pope v. State*, 286 Ga. 1, 5 (3) (685 SE2d 272) (2009).

the first 30 to be served in confinement and the remainder on probation. As a condition of probation, the trial court entered an order requiring Wright, inter alia, to pay restitution of $31,911.56. Wright now appeals from the trial court's order dismissing without prejudice his motion to modify the restitution order. Finding that the trial court had no basis for dismissing the motion, rather than deciding the same, we vacate the order of dismissal and remand the case for a determination of Wright's motion on the merits.

On appeal, we review de novo a trial court's order of dismissal. *Fox v. City of Cumming*.[1]

Given the sparse record, in determining the relevant facts we have relied, in part, on this Court's decision in *Ga. Farm &c. Ins. Co. v. Schlies*,[2] which involved a civil action for damages resulting from some of the conduct underlying Wright's convictions. That case, together with the record, show that in 1995 Wright broke into the home of his then-estranged wife, where he threatened her with a gun, forcibly detained her, and raped and sodomized her. Wright then kidnapped his wife, forcing her to drive him away from her house in her car. While driving, the wife spotted a police officer and pulled her car up next to the police vehicle, motioning for the officer to stop. The wife and Wright exited her car, and the wife explained the situation to the officer, who then attempted to detain Wright. Wright, however, jumped into the car and started the engine in an effort to flee. The officer got into the passenger side of the car and told Wright to stop the vehicle, while the wife went to the driver's side and also attempted to get Wright to stop the car, eventually jumping into the driver's seat and on top of Wright. Despite these efforts, Wright managed to get the car in gear, and crashed it into an occupied building. The officer sustained serious injuries as a result of that crash; the record does not show what, if any, injuries were sustained by the wife or by the occupants of the building.

Following his conviction, Wright was sued by the officer, who sought to recover for the injuries he sustained during the incident. Wright's insurer ultimately paid the officer $100,000 and paid approximately $2,900 in property damages to the owners of the building into which Wright crashed his wife's car. On July 8, 2009, Wright filed a motion to modify the restitution award against him, arguing that he should be allowed to offset the payments made by his insurance company against the amount of restitution he was required to pay. The trial court dismissed that motion without prejudice, noting that Wright would not begin paying restitution

---

[1] *Fox v. City of Cumming*, 289 Ga. App. 803, 803 (658 SE2d 408) (2008).

[2] *Ga. Farm &c. Ins. Co. v. Schlies*, 238 Ga. App. 299 (520 SE2d 468) (1999).

until he was released on probation, and stating "assuming arguendo that [Wright] is entitled to a restitution set-off . . . the same may otherwise be reviewed by the Gwinnett County Probation Department upon commencement of [Wright's] probationary portion of his sentence." Wright now appeals from that order, arguing: (1) that the trial court erred in refusing to decide his motion; and (2) that, as a matter of law, the payments made by his insurer entitle him to a set-off against the amount of restitution he is required to pay.

1. We agree with Wright that the trial court erred in dismissing his motion, rather than deciding it. Although it did not say so explicitly, the trial court's order dismissing Wright's motion implied that it was untimely — i.e., that a motion seeking modification of the restitution order could not be made until Wright was released on probation and paying restitution. Neither the trial court's order nor the State's brief, however, cites to any legal authority to support this proposition.[3] Moreover, this Court has previously held that "[t]he law does not require that corresponding prison terms or probated sentences expire before restitution orders may be appealed." *The Limited v. Learning Childbirth Center*.[4] Logically, therefore, the law does not require the expiration of a defendant's prison term or the actual commencement of restitution payments before a defendant can move for modification of a restitution order. See OCGA § 17-14-12 ("[t]he ordering authority shall retain jurisdiction to modify a restitution order *at any time* before the expiration of the relief ordered") (emphasis supplied).

We further note that neither the trial court nor the State offers any legal authority (or even any reasoned argument) to support the conclusion that it would be the Gwinnett County Probation Department, rather than the trial court which entered the restitution order, that should consider a motion to modify that order. As noted above, OCGA § 17-14-12 provides that "the ordering authority shall *retain* jurisdiction to modify a restitution order. . . ." (Emphasis supplied.) This language indicates that it is the authority which originally ordered the restitution — in this case, the trial court — which retains jurisdiction over and has the authority to modify the same.[5]

---

[3] Indeed, the State's brief is devoid entirely of any citation to legal authority.

[4] *The Limited v. Learning Childbirth Center*, 255 Ga. App. 688, 690 (1) (566 SE2d 411) (2002).

[5] We note that OCGA § 17-14-2 defines "ordering authority" as: "(A) a court of competent jurisdiction; (B) the State Board of Pardons and Paroles; (C) the Department of Corrections; (D) the Department of Juvenile Justice; or (E) any combination thereof, as is required by the context." OCGA § 17-14-2 (4). Even assuming that a county probation department could be construed as "the Department of Corrections," however, it is unclear whether the legislature may afford a probation department the authority to unilaterally modify a restitution order which, like the one at issue, was entered by a trial court. Given the

2. In light of the trial court's refusal to consider the merits of Wright's motion, we also decline to address Wright's second claim of error — that he is entitled, as a matter of law, to set off the amounts paid by his insurer against the amount of restitution ordered below. We do, however, note at least two points that should be considered by the trial court on remand. First, *Patterson v. State*,[6] which was cited both by Wright in his brief and by the trial court in its order of dismissal, does not support Wright's claim for modification. *Patterson* simply held that "any payments made by an offender to a victim under an order for restitution may be a setoff against any judgment awarded to the victim in a civil action based on the same facts for which restitution was ordered." 289 Ga. App. at 671 (5). See also OCGA § 17-14-11. Neither *Patterson* nor the restitution statute, however, addresses whether a defendant may set off amounts paid by a third party to compensate the victim against any restitution the defendant was ordered to pay. Moreover, relevant case law suggests that in situations where the victim has been fully compensated by a third party, the defendant may be ordered to pay restitution to that third party. See *Adams v. State*[7] ("the purpose of restitution is not only to make the victim whole, but also to prevent the offender from shifting the costs of his conduct to third parties. Accordingly, a court may order an offender to make restitution to any third party who has incurred or will incur expenses as a result of his illegal acts").

Second, we note that to be entitled to the set-off he claims, Wright would have to show that the victims compensated by his insurer were the same victims that would be compensated by his restitution payments. To do that, he would need to demonstrate that those persons were the victims of the crimes of which he was convicted. See *Smith v. State*[8] (trial court was authorized to require the defendant to make restitution only for those crimes of which the defendant had been convicted and for which the trial court was authorized to impose a sentence).

In light of the foregoing, we vacate the trial court's order dismissing Wright's motion without prejudice and remand for a consideration of the same on the merits.

*Judgment vacated and case remanded. Barnes and Bernes, JJ., concur.*

---

failure of both the trial court and the State even to consider this question, we decline to decide it here.

[6] *Patterson v. State*, 289 Ga. App. 663 (658 SE2d 210) (2008).

[7] *Adams v. State*, 291 Ga. App. 681, 684 (3) (662 SE2d 782) (2008).

[8] *Smith v. State*, 292 Ga. App. 689, 691 (665 SE2d 399) (2008).

DECIDED JANUARY 26, 2010.

Marvin J. Wright, *pro se*.

*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.