A09A2186. IN THE INTEREST OF W. J. F., a child.
(691 SE2d 271)

BARNES, Judge.

Fifteen-year-old W. J. F. entered an admission to interference with government property and disrupting a lawful gathering. Following a hearing on disposition and restitution, the juvenile court adjudicated him delinquent and placed W. J. F. on probation for two years and ordered that he pay restitution. W. J. F. appeals from this order and contends that the court erred in imposing restitution as part of the condition of his probation. Following our review, we affirm.

> Where a defendant appeals from an order of restitution, we determine whether the evidence was sufficient, under the preponderance of the evidence standard, to support that order, including the amount of restitution. *Crozier v. State*, 233 Ga. App. 831 (1) (506 SE2d 139) (1998). "Preponderance of evidence" is defined as "that superior weight of evidence upon the issues involved, which, while not enough

YALE LAW LIBRARY

to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." OCGA § 24-1-1 (5).

*Adams v. State*, 291 Ga. App. 681, 682 (662 SE2d 782) (2008).

The facts presented at the restitution hearing show that W. J. F. was placed in a holding cell at the Glynn County Juvenile Court building after his parents brought him down as a scare tactic when he got in trouble at school. While in the holding cell, W. J. F. pulled off the sprinkler head located in his cell which activated the fire alarm and sprinkler system and caused water to flood his cell and adjacent areas of the building. The building was evacuated, fire engines dispatched, and the voting for a local primary that was being held in the building was suspended until firemen completed their search. A video camera in W. J. F.'s holding cell captured him tampering with the sprinkler head. W. J. F. later entered an admission to interference with government property and disrupting a lawful gathering.

At the disposition and restitution hearing the State presented uncontroverted evidence that the structural damage to the building totaled $4,968.62 and the labor cost to the county was $1,061. The juvenile court placed W. J. F. on probation for two years, ordered him to pay restitution in the amount of $4,968.62 for the property damage, and allowed W. J. F. to perform thirty hours of community service in lieu of the $1,061 labor costs. The court deferred the payment of restitution until W. J. F.'s sixteenth birthday in September 2009, and ordered that at that time he would begin to pay at a minimum rate of $100 per month. The court further held that if the restitution was not fully satisfied by the end of the probationary period the court "would hold a hearing and consider whether or not to extend the order for purposes of attempting to collect the balance of the restitution."

W. J. F. contends the juvenile court erred in imposing restitution as a condition of his probation because the evidence was insufficient to show that he has the financial means to pay the amount ordered. He does not dispute that the amount was justified by the evidence, but contends that the evidence showed that he had no financial means to pay the restitution, and, thus, the trial court's finding that he could pay $100 monthly was in error.

Pursuant to OCGA § 17-14-5 (a), (b) it is "the policy of this state to recognize that restitution is consistent with the goal of rehabilitation of delinquent juveniles and to provide restitution in such cases," and further, "the juvenile courts shall order restitution in any case involving delinquent juveniles in the same manner as is authorized by [OCGA §§ 17-14-1 through 17-14-17]." To that end,

OCGA § 17-14-10 requires that, in determining the nature and amount of restitutions, the court is

> required to consider a number of factors, including but not limited to the defendant's financial resources, assets, income, and financial obligations and to make appropriate findings of fact, which the court did. . . . But the law also provides that the judge "shall order an offender to make full restitution to any victim." OCGA § 17-14-3 (a). . . . We find no law for the proposition that the court must determine in advance that the defendant's net worth or financial resources projected over the intended years of repayment is mathematically sufficient to allow full payment of the amount of restitution ordered.

*McMahon v. State*, 284 Ga. App. 192, 194 (2) (643 SE2d 236) (2007).

Here, there was testimony that W. J. F. worked occasionally and earned approximately $20 a yard cutting grass during the summer. The juvenile court also considered psychological reports which showed average intelligence and no mental impairments that would prevent W. J. F. from working. In fact, the psychologist opined that W. J. F. would benefit from "part-time employment." Further, the court made accommodations for W. J. F.'s age by deferring the payment of restitution until he turned 16.

Thus, as OCGA § 17-14-5 (b) expressly authorizes restitution as a condition or limitation of the probation of delinquent or unruly juveniles, and as the nature and amount of restitution was supported by a preponderance of the evidence, we discern no error and affirm the juvenile court's order of restitution.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 15, 2010.

*Dante L. Hudson*, for appellant.
*Stephen D. Kelley, District Attorney, Gregory C. Perry, Diane L. Dodd, Assistant District Attorneys*, for appellee.