## 67253. ROBINSON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted in the State Court of Clarke County of theft by taking. She was sentenced to twelve months probated, on condition that she make restitution of $125 to the victim of the theft and $2,050 restitution to the C & S Bank for money taken from an account. Appellant appeals that portion of the sentence ordering her to make restitution to the bank, as she was not charged with theft of money from the bank nor was there any evidence relating to such a theft.

The accusation charged appellant with theft of clothing belonging to Sharon Sullivan of a value of $125; the only evidence in the case relates to that theft. OCGA § 42-8-35 (Code Ann. § 27-2711) authorizes a trial court to order a probationer to make restitution to an aggrieved person as one of the terms of probation. OCGA § 17-14-9 (Code Ann. § 27-3009) provides: "The amount of restitution ordered may be equal to or less than, *but not more than,* the victim's damages." (Emphasis supplied.)

We have found no Georgia cases dealing with a probationer being ordered to make restitution in an amount more than the victim's damages. However, the statute is clear and unambiguous in stating that restitution in an amount more than the victim's damages is not authorized. In the instant case Sullivan, the victim, testified that the clothing stolen from her was worth $125; thus, that is the maximum amount the trial court was authorized to order as restitution.

There was no accusation or evidence relating to theft of money from an account at C & S Bank. Even if the trial court was aware of a charge against appellant relating to such a theft, it is error for a trial judge to consider untried charges against a defendant on sentencing. *Minis v. State,* 150 Ga. App. 671, 675 (5) (258 SE2d 308) (1979). Thus, that portion of the terms and conditions of probation ordering appellant to make restitution of $2,050 to C & S Bank is illegal. Where a part of a sentence is legal and another part illegal, only that part which is legal can be given effect. *King v. State,* 103 Ga. App. 272, 277 (3) (119 SE2d 77) (1961). Therefore, the case is remanded with direction that appellant be resentenced in accordance with law.

*Judgment affirmed and case remanded with direction. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1984.

*Donald T. Wells, Jr.,* for appellant.

*Ken Stula, Solicitor,* for appellee.