A89A2039. BOTTOMS v. THE STATE.
(392 SE2d 59)

CARLEY, Chief Judge.

Appellant pled guilty to several counts of theft by receiving and one count of financial transaction card theft. The trial court sentenced appellant to ten years' probation conditioned upon her payment of restitution. Appellant appeals, enumerating error as to her sentence.

1. Over appellant's objection, the trial court granted the State's motion to continue the restitution hearing so as to secure the presence of several victims. We find no abuse of discretion in the trial court's grant of this motion.

2. Apparently the stolen items found in appellant's possession had been taken from the victims' homes in a series of burglaries. In these burglaries, numerous items had been taken in addition to those which formed the basis of the charges against appellant. In sentencing appellant, the trial court ordered restitution as to all items that had been taken in the burglaries. Appellant enumerates this as error.

For purposes of restitution, " '[d]amages' means all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced. . . ." OCGA § 17-14-2 (2). The acts for which the trial court was authorized to impose sentence upon appellant were not the bur-

glaries of the victims' homes. Appellant was not charged with those burglaries. She was charged with theft by receiving only certain items which had been taken in those burglaries. While the burglars themselves could be ordered to make restitution as to any and all items that had been stolen from the victims' homes, the trial court was not authorized to order appellant to make restitution as to items that she was not herself charged with having stolen. See *Robinson* v. *State*, 169 Ga. App. 763 (315 SE2d 277) (1984). The trial court was authorized to order appellant to make restitution only to the extent that the victims may have suffered "damages" as the result of her acts of theft by receiving and financial transaction card theft. "Therefore, the case is remanded with direction that appellant be resentenced in accordance with law." *Robinson* v. *State*, supra at 763.

3. Appellant's remaining enumeration of error is moot.

*Judgment reversed and case remanded with direction. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 14, 1990.

*Boling, Rice & Bettis, Jeffrey S. Balgey*, for appellant.
*Garry T. Moss, District Attorney, Russell McClelland III, Assistant District Attorney*, for appellee.