A90A1028, A90A1471. JACKSON v. THE STATE (two cases).
(401 SE2d 289)

POPE, Judge.

In Case No. A90A1028, appellant Frank Jackson, Jr., appeals his convictions for vehicular homicide and driving without insurance. In Case No. A90A1471, Jackson appeals the trial court's order of restitution resulting from his convictions.

1. Jackson argues that the evidence was insufficient to support his conviction for vehicular homicide. On Christmas Day 1988, Tamiko Howard and her five-year-old son Cieric Howard were passengers in a car driven by George Ransom. They were traveling east in the left lane of Memorial Drive. As they approached the intersection of Memorial Drive and Delano, Ransom noticed that a car coming from the opposite direction on Memorial was stopped in the intersection waiting to make a left turn onto Delano.

Chrystal Blanks was waiting on the sidewalk on Memorial Drive for a bus. She saw the car at the intersection waiting for traffic to

clear to make a left turn. She also saw the car driven by Jackson pull up behind the car waiting to turn. She saw Jackson look both ways. Even though no cars were in the lane to Jackson's right, he suddenly crossed the double yellow line and pulled around to the left of the car waiting to make a left turn. Blanks then saw Jackson's car crash into the car driven by Ransom. The force of the collision caused Ransom's car to flip several times. Cieric Howard was ejected from the car and died as a result of the blunt trauma he received in the crash. George Ransom's left arm was severely injured. The evidence was sufficient to support Jackson's conviction for vehicular homicide under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jackson argues that the trial court erred in denying his motion to suppress the results of immunoassay tests performed on his blood. In the indictment, Jackson also was charged with DUI and causing serious injury by vehicle. The jury acquitted Jackson of these charges. (We note that at the time applicable to this case, the offense of causing serious injury by vehicle was predicated solely upon a violation of OCGA § 40-6-391, the DUI statute; in 1989, too late to be applicable here, the legislature amended the statute to add the predicate of reckless driving pursuant to OCGA § 40-6-390.) On appeal, Jackson argues that his acquittal on the DUI charges did not render admission of the results of the immunoassay tests harmless because they showed a positive result for marijuana use and were prejudicial to his defense on the charge of vehicular homicide.

Jackson argues on appeal, as he did at trial, that the results of the tests should not have been admitted because neither test is reliable absent a confirmation by another method of testing, most often gas chromatography/mass spectrometry. Dr. Horton McCurdy, a research toxicologist employed by the GBI, was qualified as an expert in the field of forensic toxicology and testified for the State. Dr. McCurdy directly refuted the contention of unreliability advanced by the expert for Jackson, Dr. James Woodford. Further, Dr. McCurdy testified that the tests were done in accordance with procedures approved by the state crime laboratory as specified by OCGA § 40-6-392 (a) (1). We hold that the trial court ruled correctly that the tests were admissible and that Jackson's objection went instead to the weight of the evidence. See *Sanders v. State*, 176 Ga. App. 869 (1) (338 SE2d 5) (1985). The fact that Jackson was acquitted on all counts dependent upon a finding that he was under the influence of alcohol or drugs shows that the able and extensive cross-examination of Dr. McCurdy by counsel for Jackson and the evidence adduced from his own expert sufficiently persuaded the jury of the unreliability of the evidence.

3. Photographs of the deceased child taken before autopsy showing the injuries that resulted in the child's death were admissible to

illustrate the testimony of the medical examiner. See *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983).

4. Jackson argues that the court should have given his requested charge on lesser included offenses. However, any objections to the charge were waived when counsel for Jackson stated to the trial court, "We have no objection, Your Honor." See *Cooper v. State*, 188 Ga. App. 297 (2) (372 SE2d 679) (1988).

5. Jackson challenges the propriety of that portion of the trial court's order of restitution requiring him to make restitution to George Ransom, the driver of the car. The amount of restitution was stipulated and is not in dispute. The issue presented is whether Jackson must make restitution to Ransom, who was injured as a direct result of the collision, but who was not the direct victim of the crime, vehicular homicide, for which Jackson was convicted. We hold that under the facts of this case, the trial court had the power to order restitution.

OCGA § 17-14-1 provides: "It is declared to be the policy of this state that restitution to their victims by those found guilty of crimes is a primary concern of the criminal justice system." In an action for restitution, OCGA § 17-14-2 (2) defines "damages" as "all damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced . . . ." OCGA § 17-14-2 (9) defines "victim" as "any natural person . . . suffering damages caused by an offender's unlawful act."

Jackson was convicted of the crime of vehicular homicide by reason of reckless driving. The same act for which Jackson was sentenced for vehicular homicide caused serious injury to Ransom's arm, rendering it virtually useless in spite of ten operations on the arm to repair such injury. Applying the definitions set out in the statutes, we find that Ransom undoubtedly suffered damages as a result of Jackson's act of reckless driving that resulted in the death of Cieric Howard. Therefore, restitution to Ransom in this case is proper.

Reckless driving is an essential element of the crime of vehicular homicide in the first degree for which Jackson was convicted and sentenced. See OCGA § 40-6-393 (a). The reckless driving caused the collision that not only killed Cieric Howard but also grievously injured Ransom. This fact distinguishes this case from *Robinson v. State*, 169 Ga. App. 763 (315 SE2d 277) (1984) (trial court erred in ordering restitution to victim where act of theft against that victim was not charged and there was no evidence of it), and *Bottoms v. State*, 194 Ga. App. 862 (392 SE2d 59) (1990) (trial court erred in ordering restitution to victims of burglaries of all stolen items found in defendant's possession whereas defendant was charged with theft by receiving only some of those items and financial transaction card theft; restitution authorized only to extent "damages" of the victims from act of

theft by receiving or financial transaction card theft could be shown). Damage to Ransom as a result of the act for which Jackson was tried, convicted and sentenced was proved at trial. Therefore, the trial court did not err in ordering Jackson to pay restitution to Ransom.

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 29, 1990 —
REHEARING DENIED DECEMBER 28, 1990 — 

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, J. Michael McDaniel, Assistant District Attorneys*, for appellee.