## A00A0887. FELKER v. CHIPLEY et al.
(540 SE2d 285)

JOHNSON, Chief Judge.

Fort Felker, Jr., Robert Chipley, and William Chipley were partners who owned a tract of commercial real estate in Dalton. Felker owned 80 percent of the property and was the managing partner, while the Chipleys owned 20 percent.

The Chipleys sued Felker, claiming that he had converted partnership money to his own use. After the lawsuit was filed, William Chipley died, and the personal representative of his estate was substituted as a party to the action. The lawsuit proceeded to a jury trial.

At trial, Robert Chipley and the representative of William Chipley's estate (hereinafter "the Chipleys") presented evidence that from 1991 to 1998 the partnership incurred expenses, in the form of various payments made to Felker and his acquaintances, which it had not previously incurred. The Chipleys also introduced evidence that from 1994 to 1995, Felker used partnership money for his personal investments, which returned 16.37 percent.

Through the testimony of an accountant, the Chipleys used that percentage to calculate their claimed damages for all the money converted. The accountant applied 16.37 percent as the return on the money converted each year from 1991 until 1999, calculating that the converted money would thus be worth $342,342. He figured that the Chipleys' 20 percent interest of that amount was $68,468, and then subtracted $21,782 that Felker had already repaid to the Chipleys. Based on the 16.37 percent return rate, the accountant concluded that the Chipleys were entitled to $46,686.

The jury returned a verdict awarding the Chipleys $46,686 as actual damages, $29,605 in attorney fees, and $50,000 in punitive damages. The court entered judgment on the verdict, ordering Felker to pay the amounts awarded by the jury plus 12 percent interest on the total amount. Felker appeals from the judgment. He does not challenge the finding of liability, but challenges the actual damages awarded based on the 16.37 percent investment return from 1994 and 1995. We agree with Felker that the actual damages were improperly calculated and therefore reverse the award of actual damages and remand the case with direction.

1. In an action for conversion, the plaintiff may elect a verdict for the return of the property, payment of the property value, or money damages.[1] Where the plaintiff chooses a money verdict, he may recover either the value of the property on the date of conversion,

---

[1] *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 262 (1) (356 SE2d 877) (1987); OCGA § 44-12-151.

plus interest from that date, or he may recover the value of the property on the date of conversion, plus a reasonable rate of hire from that date if the property is of a character that hire may be recovered.[2]

In a case such as the instant one, where the property converted is money, the plaintiff must, of course, seek a money verdict. And while money can earn interest, it is not personalty of a character for which hire may be recovered.[3] Thus, a plaintiff suing for the conversion of money may recover the amount of money converted, plus interest from the date of conversion.[4]

In this case, the Chipleys are entitled to recover their share of each amount of partnership money that was converted, plus the legal rate of seven percent interest[5] on those amounts from their respective dates of conversion. Contrary to the findings of the jury and the trial court, the Chipleys are not entitled to a return of 16.37 percent on *all* of the money converted between 1991 and 1999.

Under the theory of unjust enrichment, the Chipleys are entitled to recover that 16.37 percent return on the converted money that was actually invested in 1994 and 1995 and provided Felker with such a return. Unjust enrichment is an equitable concept that applies when a party has been conferred a benefit which ought to be returned.[6] The measure of damages under this concept is based upon the benefit conferred upon the unjustly enriched party.[7]

But even though the Chipleys are entitled to the 16.37 percent return on the partnership money improperly invested in 1994 and 1995, it was error for the court to allow the jury to apply that percentage to the money converted in other years because there is no evidence that Felker made such a return in those years. In fact, the accountant presented by the Chipleys expressly testified that he did not know if Felker even invested, let alone received a 16.37 percent return on, the money converted between 1991 and 1993, and from 1996 to 1999. In calculating the Chipleys' damages for those years, he simply used the 16.37 percent return because the Chipleys' attorney had asked him to use it.

Because the award of actual damages based on the return rate of 16.37 percent for *all* years that money was converted is not supported by the evidence, that award is hereby reversed. Since Felker

---

[2] *Homac, Inc. v. Fort Wayne Mtg. Co.*, 577 FSupp. 1065, 1072 (N.D. Ga. 1983); *Douglas Motor Co. v. Watson*, 68 Ga. App. 335, 336-337 (22 SE2d 766) (1942).

[3] Compare *Gen. Finance Corp. &c. v. Henderson*, 160 Ga. App. 242 (286 SE2d 454) (1981) (damages for rental value of converted automobile recoverable).

[4] *Grant v. Newsome*, 201 Ga. App. 710-711 (1) (411 SE2d 796) (1991).

[5] OCGA § 7-4-2 (a) (1) (A).

[6] *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998).

[7] *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 340 (5) (508 SE2d 750) (1998).

does not challenge the verdict finding him liable for the specific amounts converted each year, all that remains is to calculate the interest on those converted amounts. This calculation need not be resubmitted to a jury, but may be done by the court.[8]

Accordingly, the case is remanded to the trial court with direction that it calculate the actual damages by using the legal rate of seven percent interest for the converted money which was not proven to have been invested and by applying the 16.37 percent return only to the converted money that was invested and generated such a return for Felker.

2. Felker claims that the attorney fees and punitive damages awards should be reversed because they are inextricably intertwined with the improperly calculated actual damages. He has not supported his argument with any legal authority, and we find it to be unpersuasive.

A conversion is an intentional tort and will support an award of attorney fees[9] and an award of punitive damages.[10] Here, the Chipleys presented evidence of Felker's bad faith and wilful misconduct in converting the partnership money to his own use, which supports the awards of attorney fees[11] and punitive damages.[12] Felker has made no attempt to show that there was not such evidence, but relies on the mere assertion that the awards are intertwined with the actual damages award. Such an assertion is not enough to prove error by the record requiring reversal of the awards of attorney fees[13] or punitive damages.[14]

3. Based on our holding in Division 1, we need not address Felker's arguments that the court erred in charging the jury on interest and in awarding post-judgment interest on interest.

*Judgment reversed and case remanded with direction. Smith, P. J., and Phipps, J., concur.*

---

[8] See generally *Fla. Intl. Indem. Co. v. Osgood*, 233 Ga. App. 111, 116-117 (4) (503 SE2d 371) (1998).

[9] *Yoh v. Daniel*, 230 Ga. App. 640, 642 (2) (497 SE2d 392) (1998) (physical precedent only).

[10] *Grant v. Newsome*, supra.

[11] See OCGA § 13-6-11.

[12] OCGA § 51-12-5.1 (b).

[13] See *White v. Arthur Enterprises*, 219 Ga. App. 124, 125 (2) (464 SE2d 225) (1995).

[14] See *Getz Exterminators v. Towe*, 193 Ga. App. 268, 273 (4) (387 SE2d 338) (1989).

DECIDED OCTOBER 6, 2000.

*Little, Adams, Bates & Kelehear, Robert B. Adams*, for appellant.
*Coppedge & Leman, Warren N. Coppedge, Jr.*, for appellees.