### A01A0206. BUCHANAN v. THE STATE.
(546 SE2d 869)

JOHNSON, Presiding Judge.

Bernie Buchanan was hired to build six houses in Carrollton. The homebuyers all gave Buchanan money which he was supposed to pay to subcontractors working on the construction of the houses. Buchanan, however, did not pay the money to the subcontractors.

Buchanan was subsequently indicted under OCGA § 16-8-15 for six counts of conversion of the homebuyers' payments for real prop-

erty improvements.[1] He pled guilty to all six counts, and thereafter the court held hearings to determine the amount of restitution. The court was presented with testimony from the homebuyers, depositions of the subcontractors, and documentary evidence.

After considering the evidence, the court ordered Buchanan to pay not only the amount of money that he had converted by failing to pay the subcontractors, but also the out-of-pocket expenses and the legal fees incurred by the homebuyers as a result of the conversions. Specifically, the court made the following findings as to each count of the indictment: Count 1, Buchanan converted $32,734, and the homebuyers' additional expenses were $17,723; Count 2, Buchanan converted $46,361, and the homebuyers' expenses were $31,747; Count 3, Buchanan converted $30,783, and the homebuyers' expenses were $2,546; Count 4, Buchanan converted $70,914, and the homebuyers' expenses were $22,305; Count 5, Buchanan converted $15,545; and Count 6, Buchanan converted $86,554, and the homebuyers' expenses were $7,852.

The court specified in its order that the homebuyers' expenses and legal fees were to be paid to them, while the converted monies were to be disbursed directly to the various subcontractors. The court identified the subcontractors by name and listed the exact amounts that each was to receive.

Buchanan appeals, challenging the restitution order. He admits that he owes money directly payable to the homebuyer victims. But he claims that the restitution order is improper in that it includes payments to victims not named in the indictments, i.e., the subcontractors. The claim is without merit, and we therefore affirm the convictions and the ordered restitution.

"The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages."[2] " 'Damages' means all damages which a victim could recover against an offender in a civil action . . . based on the same act . . . for which the offender is sentenced, except punitive damages and damages for pain and suffering, mental anguish or loss of consortium."[3]

In the instant case, the homebuyers could recover in a civil action their money which Buchanan converted by failing to pay it to subcontractors.[4] In fact, Buchanan admits in his appellate brief that he did not pay a number of subcontractors, and he makes no claim

---

[1] Buchanan was also indicted for one count of false swearing under OCGA § 16-10-71. The state, however, did not prosecute this charge.

[2] OCGA § 17-14-9.

[3] OCGA § 17-14-2 (2).

[4] See generally *Felker v. Chipley*, 246 Ga. App. 296-298 (1) (540 SE2d 285) (2000); *Chen v. Tai*, 232 Ga. App. 595, 597-599 (3) (502 SE2d 531) (1998).

that he is not liable to the homebuyer victims for such converted money. Thus, the trial court properly included that converted money as part of the homebuyers' damages awarded in the restitution order.

Contrary to Buchanan's argument, this case is not controlled by the decision in *Robinson v. State*.[5] In *Robinson*, we found that the trial court properly ordered the defendant to pay money to the victim of a theft, but improperly ordered the defendant to make further restitution to a bank for money taken from an account because there was no accusation or evidence relating to any theft from that account.[6]

Unlike the defendant in *Robinson*, Buchanan is not being ordered to pay restitution for a crime he was not charged with and for which there is no evidence. Rather, he is being ordered to pay only the homebuyer victims' damages as established by the evidence. But instead of ordering Buchanan to pay all of those damages directly to the victims, the court has simply ordered him to pay the converted money directly to the unpaid subcontractors. "Payments pursuant to an order for restitution shall be made to the clerk of the court *or to any other person, for the benefit of the victim or victims, as the ordering authority shall order*."[7] The court in this case therefore had the authority to order that restitution for the converted money be made directly to the subcontractors for the benefit of the victims.[8]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 7, 2001 — 

*Johnson, Word & Simmons, Gerald P. Word*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin W. Drummond, Assistant District Attorney*, for appellee.

---

[5] 169 Ga. App. 763 (315 SE2d 277) (1984).

[6] Id.

[7] (Emphasis supplied.) OCGA § 17-14-14.

[8] See *Crozier v. State*, 233 Ga. App. 831, 833 (2) (506 SE2d 139) (1998) (no error in trial court's order that restitution for victim's unpaid medical bills be paid directly to medical service providers).