## A06A2362. TINDOL v. THE STATE.
### (643 SE2d 329)

BARNES, Chief Judge.

Shamus William Tindol pled guilty to one count of theft by taking a motor vehicle. He was given seven years probation, which was conditioned on his paying restitution. The probation office determined that amount to be $6,700.67, and Tindol thereafter filed a motion for a restitution hearing disputing the amount. Following a restitution hearing, the trial court issued an order requiring Tindol to pay the same amount in restitution to the victim. On appeal, Tindol challenges the award, contending that the trial court erred in: awarding restitution to a person who was not the victim, awarding restitution for tools and equipment that he was not charged with taking, considering hearsay evidence, ruling that he had the financial means to pay restitution, and admitting the State's exhibit number 1, a list of items purportedly stolen from the truck. Tindol also maintains that the evidence did not support an award of restitution to the victim named in the indictment. Upon our review, we affirm the trial court's order of restitution.

The facts presented at the restitution hearing show that Tindol worked for BMC, Inc., which is owned by Ray Bryant. At some time between April 3, 2005 and April 4, 2005, Tindol stole a company F-250 truck. He eventually drove the truck to Colquitt County Medical Center, parked it, and called the company to inform them of the truck's location. He testified that he went to the hospital to receive treatment for his drug and alcohol problem. The truck was a new addition to the fleet, and after it was stocked with tools and equipment for concrete work, it was assigned to its first job just before it was stolen. The truck was recovered, but all of the tools and other equipment that it was stocked with were missing.

1. In two enumerations of error, Tindol argues that the victim in the crime for which he was charged and pled guilty was Bryant, the owner of the truck. The evidence, however, showed that the stolen

tools and equipment belonged to BMC Contractors, an entity not listed in the indictment. He maintains that he was not charged or sentenced for the theft of the equipment, only for the theft of the truck, which was returned in the same condition as when it was taken. He contends that BMC was not entitled to restitution because it was not named in the indictment and Bryant was not entitled to restitution because he suffered no loss.

Any argument related to the legitimacy of the victim entitled to restitution was waived by Tindol's failure to argue it at the restitution hearing. "[T]his is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court." (Citation and punctuation omitted.) *Colley v. State*, 225 Ga. App. 198, 201 (3) (483 SE2d 355) (1997).

2. Tindol next argues that the trial court erred in awarding restitution for tools and equipment missing from the stolen truck, because he was not charged with the theft of those items. We do not agree.

The trial court was authorized to order Tindol to make restitution to the extent that the victim suffered "damages" as the result of his act of theft. See *Jackson v. State*, 198 Ga. App. 261, 263 (5) (401 SE2d 289) (1990). For purposes of restitution, " '[d]amages' means all . . . damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced. . . ." OCGA § 17-14-2 (2). The sufficiency of evidence to support an order of restitution in a criminal case is measured by the civil standard of preponderance of the evidence. *Lawrenz v. State*, 194 Ga. App. 724, 725 (1) (391 SE2d 703) (1990).

Here, the victim provided evidence of the value of the items that were in the truck before it was stolen. It is undisputed that the tools and equipment were missing when the truck was recovered. Contrary to Tindol's argument that the tools and equipment were not part of the crime for which he was charged, theft of a motor vehicle, the act for which Tindol was sentenced, caused the disappearance of the equipment. That he was not charged separately with the theft of the items in the truck is irrelevant to whether the victim was entitled to restitution for their loss. Thus, we find that the trial court properly ordered restitution to Bryant for the stolen truck's missing tools and equipment.

3. Tindol also argues that the trial court erred by considering hearsay evidence. We find no merit to this argument.

The director of operations who handled inventory testified at the hearing about the inventory contained on each truck like the one Tindol stole. Her duties required that she maintain the company

records, and oversee inventory and all equipment purchases. She provided a list of the tools and equipment that were routinely stocked on each truck before it went to a job site. She testified that when each truck was stocked "we [would] write down all the tools and equipment serial numbers that are on the truck." This witness also testified that when the truck was recovered she made a list of the items that were missing and ascertained the value of the missing items by pulling receipts.

Tindol contends that because the witness did not personally witness the equipment being put on the truck, her testimony amounted to hearsay.

OCGA § 24-3-14 (b) allows admission, under the business records exception to the hearsay rule, of

> [a]ny writing or record . . . made as a memorandum or record of any act, transaction, occurrence, or event . . . if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter.

Contrary to Tindol's argument, there is no requirement under the business records exception that in order to lay a proper foundation for the admission of the list of tools and equipment normally found on the truck, the person who actually put the equipment on the truck or who witnessed the act appear in court to testify that the equipment was on the truck. See *State v. Haddock*, 235 Ga. App. 726, 730 (2) (b) (510 SE2d 561) (1998). What is required is that the "foundation must be laid through the testimony of a witness who is familiar with the method of keeping records and who can testify thereto and to facts which show that the entry was made in the regular course of . . . business at the time of the event or within a reasonable time thereafter." (Punctuation and footnote omitted.) *Crawford v. Dammann*, 277 Ga. App. 442, 448 (2) (626 SE2d 632) (2006). The evidence presented by the witness satisfies the foundational requirements of OCGA § 24-3-14 (b), and the trial court did not err in admitting her testimony.

4. Tindol also argues that the trial court abused its discretion in ruling that he had the financial ability to pay restitution when the evidence demonstrated that he only made $6,000 a year and had been declared indigent by the public defender's office.

Pursuant to OCGA § 17-14-10 (a),

[i]n determining the nature and amount of restitution, the ordering authority shall consider: (1) The financial resources and other assets of the offender or person ordered to pay restitution including whether any of the assets are jointly controlled; (2) The earnings and other income of the offender or person ordered to pay restitution; (3) Any financial obligations of the offender or person ordered to pay restitution, including obligations to dependents; (4) The amount of damages; (5) The goal of restitution to the victim and the goal of rehabilitation of the offender; (6) Any restitution previously made; (7) The period of time during which the restitution order will be in effect; and (8) Other factors which the ordering authority deems to be appropriate.

Here, Tindol received a restitution hearing, the trial court considered all of the required factors, and the court made findings based on the evidence presented. "[I]t is well established that review of evidence by this Court is limited to questions of sufficiency." (Citation omitted.) *Anderson v. State*, 226 Ga. App. 286, 288 (486 SE2d 410) (1997). The evidence showed that Tindol currently makes approximately $500 a month working through a temporary job service as a day laborer; however, before his arrest he made $1,400 a month at BMC. While Tindol testified about his monthly expenses, including his rent, food, utilities, and child support, he did not bring check stubs or income tax returns showing how much he had earned in the previous years. The trial court found that based on the evidence presented at the hearing, "[Tindol] is making at least six thousand dollars per year. He's got over six years left on probation. So he's got the ability . . . to pay any restitution found within the evidence presented."

After reviewing the record, we conclude that there was sufficient evidence before the trial court to support its finding that Tindol had the ability to pay the ordered restitution.

5. Tindol's final argument is that the trial court erred in admitting an itemized list of the items missing from the truck and the costs of the items. The list was compiled by the director of operations who testified at the hearing.

The director testified that she compiled the list of items from receipts that she kept when the items were purchased, and that she did all of the research for the numbers and the quantities for the listed items. The trial court found that the proper foundation had been laid for the list to be admitted, and we agree that the information contained in the exhibit falls squarely within the business records exception to the hearsay rule codified at OCGA § 24-3-14.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 7, 2007.

*Jon W. McClure*, for appellant.

*J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney*, for appellee.