A08A1239. SMITH v. THE STATE.
(665 SE2d 399)

BLACKBURN, Presiding Judge.

Jeffery Smith entered a negotiated plea to one count of forgery in the first degree.[1] He was sentenced to eight years, with one to serve and the balance to be probated, and was further ordered to pay restitution to the victim. He now appeals the denial of his motion to set aside the restitution portion of his sentence, arguing that the trial court erred in ordering him to pay restitution for a crime for which he was neither charged nor convicted in the State of Georgia.

---

For the reasons set forth below, we vacate the restitution portion of Smith's sentence.

The record shows that on July 18, 2001, Smith burglarized a home in Hamilton County, Tennessee. In the course of this burglary, Smith damaged the door of the victim's home and took several items of the victim's personal property, including her checkbook. Later that same day, Smith traveled to a check-cashing store in nearby Walker County, Georgia, where he attempted to cash one of the victim's checks by forging her signature. Believing that the signature on the check was a forgery, the store's clerk called the police, and Smith was arrested a short time thereafter. Following his arrest, Smith was released on his own recognizance and waived extradition to Hamilton County, Tennessee. On October 2, 2001, he was charged by accusation in the Superior Court of Walker County with one count of forgery in the first degree. Nearly two months later, Smith pled guilty in the Criminal Court of Hamilton County, Tennessee to the burglary of the victim's home and received a twelve-year sentence. In 2007, Smith was released from the custody of the Tennessee Department of Corrections and was brought to Walker County to face the forgery charge.

Rather than stand trial, Smith negotiated to plead guilty to the charge of forgery in the first degree, and in exchange the State agreed to recommend a sentence of eight years, with one to serve and the remainder on probation, and payment of $1,560 in restitution to the victim and her insurer. On November 29, 2007, Smith signed a plea agreement, and a hearing on the issue was held before the trial court. During the hearing, the State outlined the plea agreement and specifically noted that the restitution payment was to compensate the victim and her insurer for the property damage and items stolen during the burglary but not for the forged check. After determining that Smith's guilty plea was freely and voluntarily entered, the trial court sentenced him in accordance with the State's recommendation. However, less than one month later, Smith moved to set aside the restitution portion of his sentence. The trial court denied Smith's motion, and this appeal followed.

Smith contends that the trial court erred in denying his motion to set aside the restitution portion of his sentence, arguing that ordering him to pay restitution for the burglary, an offense for which he was neither charged nor convicted in the State of Georgia, was unlawful. We agree.

OCGA § 17-14-9 provides: "The amount of restitution ordered shall not exceed the victim's damages." See *Robinson v. State*.[2] For

---

[2] *Robinson v. State*, 169 Ga. App. 763 (315 SE2d 277) (1984).

purposes of restitution, damages are defined as "all ... damages which a victim could recover against an offender in a civil action ... *based on the same act or acts for which the offender is sentenced. ..."* (Emphasis supplied.) OCGA § 17-14-2 (2). See *Tindol v. State*.[3] At the plea hearing in this matter, the State acknowledged that it was seeking restitution, not for Smith's forgery, but for the damage done to the victim's home by Smith and for the other items taken by Smith when he burglarized the victim's home. However, Smith was not charged with nor convicted of burglary in the State of Georgia. The act for which the trial court was authorized to impose sentence upon Smith was not the burglary, but the forgery in the first degree. See *Washington v. State*;[4] *Robinson*, supra, 169 Ga. App. 763. Thus, the restitution portion of the trial court's sentence was unauthorized.

In support of its contention that the restitution portion of Smith's sentence was a legitimate exercise of the trial court's sentencing authority, the State cites to *Tindol v. State*, supra, and *Jackson v. State*.[5] This argument is misplaced. In *Tindol*, the defendant was sentenced for theft of a motor vehicle and was ordered to pay restitution for equipment that was in the stolen vehicle but was lost after he abandoned it. Supra, 284 Ga. App. at 46 (2). We affirmed the trial court's restitution order because "the act for which Tindol was sentenced, caused the disappearance of the equipment." Id. In *Jackson*, the defendant was convicted of vehicular homicide by reason of reckless driving and was ordered to pay restitution to the driver of the other vehicle, who was injured as a result of the same collision that killed his passenger. Supra, 198 Ga. App. at 263 (5). Affirming the restitution order, we held that the same act of reckless driving, which caused the collision, killed the victim and injured the driver. Id. Here, however, Smith's act of forgery did not cause or give rise to the damage to the victim's home for which Smith was ordered to pay restitution. Accordingly, the trial court erred in denying Smith's motion to set aside the restitution portion of his sentence.

The State's argument that Smith has waived appeal of his sentence because it was issued pursuant to a negotiated plea is without merit. "[A] defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver. That is because a void sentence in law amounts to no sentence at all." (Citation, punctuation, and emphasis omitted.) *Sumner v.*

---

[3] *Tindol v. State*, 284 Ga. App. 45, 46 (2) (643 SE2d 329) (2007).

[4] *Washington v. State*, 251 Ga. App. 206, 211-212 (3) (553 SE2d 855) (2001).

[5] *Jackson v. State*, 198 Ga. App. 261 (401 SE2d 289) (1990).

*State.*[6] See *Washington*, supra, 251 Ga. App. at 212 (3). Here, the portion of the sentence that required Smith to pay restitution for damages related to the burglary and not to the forgery was illegal. See *Sumner*, supra, 284 Ga. App. at 313 (1); *Washington*, supra, 251 Ga. App. at 212 (3); *Robinson*, supra, 169 Ga. App. 763. Consequently, we vacate Smith's sentence as to restitution only and remand the case to the trial court for resentencing.

*Sentence vacated in part and case remanded. Miller and Ellington, JJ., concur.*

DECIDED JULY 10, 2008.

*Jad B. Johnson, David J. Dunn, Jr.*, for appellant.
*Herbert E. Franklin, Jr., District Attorney*, for appellee.

---

[6] *Sumner v. State*, 284 Ga. App. 308, 312 (1) (643 SE2d 831) (2007).