## A11A0968. COILE v. THE STATE.

(716 SE2d 527)

ELLINGTON, Chief Judge.

After James Coile pled guilty to felony theft by taking, the Superior Court of Athens-Clarke County conducted a restitution hearing and ordered Coile to pay the victim of his theft $1,000 in restitution for damage Coile inflicted on the victim's building in order to accomplish the theft. Coile appeals from the restitution order, contending that the trial court erred in ordering him to pay restitution when there was insufficient evidence that he damaged the building during the theft. Finding no error, we affirm.

The record shows that, on March 28, 2008, police officers arrested Coile as he was in the process of stealing copper wiring and aluminum siding that had been removed from a storage trailer on the victim's property. During the restitution hearing, the victim testified that it would take $1,000 in labor costs and incidental supplies to re-attach the aluminum siding onto the trailer so that it was weatherproof again. The victim also testified that it would take several thousand dollars more to repair the copper wiring and restore the building to its pre-theft condition. In his defense, Coile testified that, while he was, in fact, attempting to steal the copper wiring and aluminum siding when he was arrested, he was not the person who stripped the materials off the building, causing the damage at issue. Instead, he claimed that someone else had already stripped the materials from the trailer and that the materials were on the ground when he happened to pass by and, knowing that he could sell the materials, he decided to take them.

On appeal, Coile argues that there was insufficient evidence presented to establish that he was the person who caused the damage to the trailer and, therefore, the trial court erred in ordering him to pay restitution for the damage.[1] Because the amount of restitution to be paid is based upon the victim's civil damages, the sufficiency of evidence to support an order of restitution is measured by the civil standard of preponderance of the evidence. *Lawrenz v. State*, 194 Ga. App. 724, 725 (1) (391 SE2d 703) (1990). "It is well established that review of evidence by this Court is limited to questions of sufficiency." (Citation and punctuation omitted.) *Tindol v. State*, 284 Ga. App. 45, 48 (4) (643 SE2d 329) (2007). Accordingly, determinations regarding the credibility of the witnesses and the weight to be accorded conflicting evidence are for the trial court, and

---

[1] During the restitution hearing, Coile's counsel waived any objections to the victim's testimony of the cost of repairing the building and to the State's evidence regarding Coile's ability to pay restitution. See OCGA § 17-14-10 (factors to be considered in ordering restitution).

this Court will not interfere with such determinations as long as there is any evidence to support them. *DuCom v. State*, 288 Ga. App. 555, 563 (5) (654 SE2d 670) (2007) (Because the defendant failed to show that the amount of restitution ordered by the trial court was unsupported by any evidence, the order was affirmed.).

Given the evidence in this case, the trial court did not err in concluding that Coile's claim that someone else had caused the damage to the trailer before he arrived lacked credibility and in finding, instead, that Coile had stripped the materials from the trailer while in the process of committing the theft. See *McCart v. State*, 289 Ga. App. 830, 833 (2) (658 SE2d 465) (2008) (Although the defendant claimed that he did not cause all of the damage sustained by the victim's truck during his theft of the truck, there was some evidence to support a contrary finding. Therefore, the trial court was authorized to find that the defendant caused all of the damage and in ordering him to pay restitution accordingly.).

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED AUGUST 4, 2011 —
RECONSIDERATION DENIED AUGUST 29, 2011.

*Benjamin A. Pearlman*, for appellant.
*Kenneth W. Mauldin, District Attorney, Antonio E. Veal, Assistant District Attorney*, for appellee.