**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

June 20, 2012

# In the Court of Appeals of Georgia

A12A1446. IN THE INTEREST OF R. H., a child.

ELLINGTON, Chief Judge.

In this juvenile delinquency case, R. H. appeals from a restitution order entered by the Juvenile Court of DeKalb County, contending that the State failed to prove by a preponderance of the evidence that the goods he admitted stealing from the victim were worth $250, the amount that the court ordered him to pay. For the reasons explained below, we vacate the restitution order and remand.

OCGA § 17-14-3 allows for court-ordered restitution, as part of a sentence, to the victim of a crime. "The amount of restitution ordered shall not exceed the victim's damages." OCGA § 17-14-9. For purposes of restitution, OCGA § 17-14-2 (2) defines damages as "all . . . damages which a victim could recover against an offender in a civil action . . . based on the same act or acts for which the offender is sentenced[.]"

When restitution is ordered for property that the defendant stole or destroyed, the correct determination for the amount of restitution is the fair market value of the property at the time of loss, rather than the original purchase price or replacement cost. *Hawthorne v. State*, 285 Ga. App. 196, 197 (1) (648 SE2d 387) (2007). Where the defendant disputes the amount or type of restitution, the trial court resolves the issue, and "the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the [S]tate." OCGA § 17-14-7 (b). "[D]eterminations regarding the credibility of the witnesses and the weight to be accorded conflicting evidence are for the trial court, and this Court will not interfere with such determinations as long as there is any evidence to support them." (Citation omitted.) *Coile v. State*, 311 Ga. App. 537, 537-538 (716 SE2d 527) (2011).

In this case, the only witness on the issue of value was the victim. The victim testified that the stolen property consisted of a Nook Color e-reader, which she purchased new approximately four months before the theft, along with five e-books stored on the e-reader, a leather case, a memory card, and earphones, at a retail total of $408. All items were in "excellent" or "great" condition when stolen. In calculating the amount of the restitution award, the trial court acknowledged that electronics equipment "depreciates and unfortunately [the court] cannot give [a victim]

2

replacement cost" but only present fair market value. "[T]aking into account [the price of] everything and then kind of cutting it down a little because I think that's the fair thing to do[,]" the trial court ordered R. H. to pay the victim $250 as restitution.

The State maintains that the trial court was authorized to determine the fair market value because there was evidence as to both the purchase price and the current condition of the property. As we have held, however, OCGA § 17-14-9 does not permit a trial judge to set the amount of restitution by approximation but requires that the amount be based on proper opinion evidence of fair market value. *Lovell v. State*, 189 Ga. App. 311, 313 (3) (375 SE2d 658) (1988).

> The value of stolen property can be established by one having knowledge of the age and condition of the subject property and some knowledge, experience, or familiarity of [the fair market value of] such property. . . . Such proof is routinely required in civil cases. Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property or similar property[,] and [the witness] must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion.

(Citation, punctuation and footnotes omitted.) *Jackson v. State*, 250 Ga. App. 617, 619 (552 SE2d 546) (2001). Thus, the State may prove fair market value by producing "a

3

witness, including the victim of the theft, who is familiar with the stolen items and has a fact-supported opinion as to their value." Id.[1] In *Jackson*, as in this case, the trial judge stated that, in addition to retail price or replacement cost, he gave some consideration to the age of stolen electronics equipment (a car CD player) and what the depreciated value might be, but we vacated the restitution order because the State had failed to offer any fact-supported opinion evidence of "the fair market value of [the stolen property], the condition of the items, or an appropriate method of discounting the items from their replacement value to their fair market value." Id. Likewise, because it is "apparent [in this case] that the amount of restitution was set by approximation rather than by a proper opinion of the value of the items damaged[,] . . . we are constrained to vacate that portion of the trial court's judgment setting the amount of restitution, and remand this case to the trial court for the amount of restitution to be set properly after hearing competent evidence." *Lovell v. State*, 189 Ga. App. at 313 (3).[2]

---

[1] We note that the State does not bear the same burden of producing evidence when a defendant stipulates as to the amount of the victim's damages, as may occur in the case of a negotiated guilty plea.

[2] Cf. *Fewox v. State*, 243 Ga. App. 651, 652 (534 SE2d 121) (2000) (The State carried its burden of proving the fair market value of a collection of stolen CDs where the victim calculated an average per disc based on their resale values.); *Sutton v. State*,

4

In reaching this result, we acknowledge that, for items that are unique or are otherwise "not readily available for repurchasing," the State's burden in proving fair market value may be "extraordinarily difficult, if not impossible, to meet." *Jackson v. State*, 250 Ga. App. at 621 (Mikell, J., concurring specially). We, too, are concerned that "hypertechnical" rules for proving restitution may frustrate the salutary purposes of restitution in compensating victims and reducing straight confinement for non-violent offenders. See id. The State's position that, for property for which there is no "Kelley Blue Book" equivalent, "the fairest way to establish value is to provide the judge with as much information as possible (for example, purchase price, age of the item, and condition) and allow the trial judge to impartially assign value, as he did here[,]" is not unreasonable. As we stated in *Jackson*, however, this Court lacks the authority to rewrite the statutes that establish the parameters of restitution. Id. at 620.

*Judgment vacated and case remanded. Dillard, J., concurs. Phipps, P. J., concurs in judgment only.*

---

190 Ga. App. 56, 57 (1) (378 SE2d 491) (1989) (The State carried its burden of proving fair market value of a stolen truck where an employee of the victim's insurer testified that the value assigned to the stolen vehicle was based upon a consideration of the fair market value of a truck of comparable age and condition, utilizing a survey predicated on representative samples.).

5